UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOVELL A. COX,

                          Plaintiff,

              -against-

NEW YORK STATE,

                          Defendant.

25-CV-3976 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

        Plaintiff, proceeding *pro se*, is currently held at the George R. Vierno Center ("GRVC")

on Rikers Island.  Plaintiff brings this action under 42 U.S.C. § 1983 against New York State,

challenging the conditions of his confinement.  By Order dated May 15, 2025, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

(ECF No. 5.)  For the reasons set forth below, the Court dismisses the complaint, but grants

Plaintiff 30 days' leave to replead.


**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires federal courts to screen complaints brought by

prisoners who seek relief against a governmental entity, or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

# BACKGROUND

The following facts are drawn from the complaint.[2]  (ECF No. 1.)  On February 28, 2025, Plaintiff took a shower at GRVC.  (*Id.* at 4.)  The water "smelled like toilet water" and was "grey and brown" in color.  (*Id.*)  Plaintiff "washed [his] private part[s] and minutes after that [he] got a rash on [his] penis that [had] never happened to" him before.  (*Id.*)  Plaintiff's skin was "irritated and burned and itched for several weeks," requiring antibiotics and leaving a scar.  (*Id.*)

Plaintiff sues the State of New York.  He seeks $75,000 in damages and an order directing Defendant to "clean pipe lines and flush [the] sewage system."  (*Id.* at 5.)

---

[2] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

**DISCUSSION**

**A.    New York State's Immunity Under the Eleventh Amendment**

Plaintiff sues under Section 1983, and names the State of New York as the sole defendant.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted).  New York State has not waived its Eleventh Amendment immunity from suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).  The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York because these claims are barred by the Eleventh Amendment.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal of an action that seeks monetary relief against a defendant who is immune from such relief).

**B.    New York City Policy, Custom, or Practice**

Plaintiff brings claims arising from his detention at GRVC, which is operated by the New York City Department of Correction (DOC), not the State of New York.  Claims against DOC must therefore be brought against the City of New York.  *See* N.Y. City Charter, Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.")  The Court construes Plaintiff's complaint as asserting a conditions

---

[3] The exception to state sovereign immunity for prospective relief, set forth in *Ex Parte Young*, 209 U.S. 123, 150-59 (1908), "has no application in suits against the States and their agencies, which are barred regardless of the relief sought," *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

of confinement claim.  Because the Court grants Plaintiff leave to amend his complaint to replead his claim against the City of New York, the Court outlines the elements of a conditions of confinement claim under Section 1983 below.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  The Court evaluates a pretrial detainee's conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017) ("Pretrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually or otherwise.'" (alteration adopted)); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that courts rely on the Due Process Clause when considering the claims of pretrial detainees, while the Eighth Amendment applies only after an individual has been sentenced).

To state a conditions of confinement claim under Section 1983, a plaintiff must allege: (1) that the challenged conditions are sufficiently serious, and (2) that the defendant acted with at least deliberate indifference to those conditions.  *Darnell*, 849 F.3d at 29.  To satisfy the first element, a plaintiff must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety.  *Id.* at 30 (citations omitted).  To satisfy the second element, the plaintiff must allege facts showing that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.  Negligence is not a basis for a Section 1983 deliberate indifference

claim.  *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

In addition, when a plaintiff sues a municipality such as the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a claim against the City of New York under Section 1983, the plaintiff must allege facts showing (1) the existence of a City of New York policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012).  A plaintiff may satisfy the "policy, custom, or practice" requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who

come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (Preska, J.) (citations omitted).

## C.    Leave to Amend Is Granted

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Plaintiff named the State of New York as the sole defendant.  However, as explained above, the State of New York cannot be sued in federal court under Section 1983.  Because the City—not the State—is responsible for overseeing GRVC, the Court construes Plaintiff's complaint as attempting to bring a conditions of confinement claim against the City of New York.  Accordingly, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), based on Eleventh Amendment immunity and for seeking monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court grants Plaintiff 30 days' leave to replead.  An Amended Civil Rights Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    August 13, 2025                        /s/ Kimba S. Wood
          New York, New York

_____
                              KIMBA M. WOOD
                          United States District Judge

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

### AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____